■ EDWARD HOFFMAN, as President of Dining Room Employees Union, Local No. 2 of Brooklyn and Queens, AFL-CIO, Appellant, v. LENARD MILBERG CATERERS, INC., et al., Respondents.— In an action by plaintiff union to enjoin the breach of a collective bargaining agreement between it and defendant Lenard Milberg Caterers, Inc. based on the nonobservance and violations of hiring procedures and a judgment declaring that defendant Eva Milberg Caterers, Inc. is the alter ego of Lenard Milberg Caterers, Inc., and that the collective bargaining agreement is binding upon Eva Milberg Caterers, Inc., the plaintiff appeals from an order of the Supreme Court, Kings County, dated April 23, 1973, which denied its motion for a temporary injunction, and which granted a cross motion by Lenard for a stay pending arbitration and a cross motion by Eva to dismiss on the ground that a proceeding was pending involving the representation of its employees before the New York State Labor Relations Board. Order of the Supreme Court, Kings County, dated April 23, 1973, affirmed, with one bill of $20 costs and disbursements to both respondents. No opinion. Munder, Latham and Benjamin, JJ., concur; Hopkins, Acting P. J., and Christ, J., dissent and vote to modify the order appealed from with the following memorandum: We think the order appealed from should be modified on the law by striking therefrom decretal paragraphs 4 and 5 and substituting two new decretal paragraphs denying the cross motions, and as so modified, the order should be affirmed. It is our opinion that while the court properly denied injunctive relief at this juncture, it was error to grant the cross motion by Eva Milberg Caterers, Inc. to dismiss on the ground that a proceeding was pending before the New York State Labor Relations Board involving the certification of a bargaining agent for her employees. The complaint alleges that Lenard is using Eva to avoid its contractual obligations to plaintiff and thus whether or not Eva's employees eventually obtain different representation before the Labor Board is not relevant to the question raised by the complaint. We are further of the view that it was error to grant Lenard's cross motion for a stay pending arbitration since no demand for arbitration was ever made nor was a motion made to compel it. (See Matter of Methodist Church of Babylon [Glen-Rich Constr. Corp.], 29 A D 2d 773.)